The Honorable MARSHA J. PECHMAN

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT TACOMA**

| | |
|---|---|
| PIERCE COUNTY, et al., | NO. 3:23-cv-05775-RSL |
| Plaintiffs, | DECLARATION OF KEVIN BOVENKAMP |
| v. | |
| WASHINGTON STATE DEPARTMENT OF SOCIAL AND HEALTH SERVICES, et al., | |
| Defendants. | |

I, KEVIN BOVENKAMP, am over the age of 18 years of age, competent to testify to the matters below, and declare based upon personal knowledge:

1.     I am the Assistant Secretary for the Behavioral Health Administration (BHA) of the Department of Social and Health Services (the Department). I make this declaration based on my personal knowledge and review of business records maintained at the Department in the normal course of business.

2.     As Assistant Secretary, I am responsible for the operation of the State's three hospitals, including Western State Hospital (WSH), Eastern State Hospital (ESH), the Child Study and Treatment Center. I am also responsible for the operation of the Special Commitment Center located on McNeil Island. I am accountable for managing operational issues that cross the divisions within my administration, strategic planning, performance management, quality assurance, and risk management.

DECLARATION OF
KEVIN BOVENKAMP
NO. 2:14-cv-1178 MJP

1

ATTORNEY GENERAL OF WASHINGTON
7141 Cleanwater Dr SW
PO Box 40124
Olympia, WA 98504-0124
(360) 586-6565

3.      In my role I am familiar with efforts by the Department to maintain adequate bed space for the various populations the Department serves, which includes felony civil conversion commitments.   These are individuals whose criminal prosecutions are converted to civil commitment cases under Wash. Rev. Code 71.05. Through this civil conversion process, the Department receives patients who have very serious charges dismissed, such as murder, sexual violence perpetrated against children, sexual assaults, and serious physical violence, though the Department has also traditionally received patients accused of less serious felonies, such as malicious mischief or theft.

4.      The Department has sought to increase bed space for its various populations through a combination of building new spaces, re-purposing existing spaces, and purchasing new space.  The Department also works with the State of Washington Health Care Authority ("HCA") to take advantage of potential bed spaces the HCA can contract for.  The HCA has contracted for felony conversion beds that BHA may have access to, for felony conversion cases where those patients have stabilized sufficiently that they may be transferred out of state hospitals. However, these beds are neither equipped nor contracted to take new admissions or to perform commitment evaluations in accordance with RCW 10.77.086(7). BHA has transferred some felony conversion cases from state hospitals into HCA contracted beds once they have stabilized on their treatment plan. It should be noted that the Department cannot make the unilateral decision to transfer any patient into these contracted beds.  Rather, the facility holds the power to accept or reject the proposed transfer.  There are no facilities currently contracted by the Department for competency restoration purposes.

5.      In addition to the civil conversion population, the Department is also responsible for serving the forensic population, which includes *Trueblood* class members. Further, nearly all of the patients in state hospitals are sent by Washington counties as part of civil conversion proceedings.

DECLARATION OF
KEVIN BOVENKAMP
NO. 2:14-cv-1178 MJP

2

ATTORNEY GENERAL OF WASHINGTON
7141 Cleanwater Dr SW
PO Box 40124
Olympia, WA 98504-0124
(360) 586-6565

6.      The table below outlines recent efforts to increase bed space specifically for *Trueblood* class members. Additional efforts to increase bed space for class members, but not included in the table below, include a recent repurposing of felony conversion patient treatment spaces on Western State Hospital's C9 unit into ward space, and increasing the census of felony conversion patients small specialty wards into a full-census treatment ward on C1 and C4. These additional actions are creating an additional 40-50 beds of treatment capacity, beyond the projects listed in the table below and mitigate the risk of assigning felony conversion patients to beds designated for *Trueblood* class members.

| Project Name | Beds | Target Population | Projected Opening |
|---|---|---|---|
| *Past Openings* | | | |
| Yakima Competency Restoration Center RTF | 24 | Competency restoration | Opened 2016, closed at direction of Federal Court |
| Maple Lane Competency Restoration Center RTF | 30 | Competency restoration | Opened 2016 |
| Civil to forensic ward renovation at WSH | 30 | Competency restoration and evaluation patients | Opened 2018 |
| Fort Steilacoom Competency Restoration Center RTF | 30 | Competency restoration | Opened 2019 |
| ESH major construction and renovation project | 50 | Competency restoration and evaluation patients, overflow from WSH | Opened summer 2020 |
| Renovation of E3/E4 wards at WSH | 40 | Competency restoration and evaluation patients | Opened February 2021 |
| Maple Lane Oak Cottage | 16 | Felony conversion patients | Opened March, 2023 |
| Emergent Community Hospital Contracts | 75+ | Felony conversion patients | Began 1st Quarter, 2023 |
| *Future Openings* | | | |
| New construction of F9 and F10 wards at WSH | 58 | Competency restoration and evaluation patients | Opened April, 2023 for F9 and opened May, 2023 for F10 |
| Maple Lane NGRI program | 30 | Not guilty by reason of insanity patients | Late 2023/early 2024 |
| Three Clark County facilities | 48 | Felony conversion patients | Late 2024/early 2025 |

DECLARATION OF
KEVIN BOVENKAMP
NO. 2:14-cv-1178 MJP

3

ATTORNEY GENERAL OF WASHINGTON
7141 Cleanwater Dr SW
PO Box 40124
Olympia, WA 98504-0124
(360) 586-6565

| New forensic hospital | 350 | Competency restoration and evaluation, NGRI, and hard to place felony conversion patients | Construction commencing in 2023, completion estimated 2027-2029 |
|---|---|---|---|

7.      Sometimes courts order felony conversion for class members already at one of the state hospitals. As a result, it is not uncommon for a patient to start the day as a class member undergoing restoration treatment, but end the day as a civil conversion patient, all without ever having left the hospital. The reference table below depicts the increasing number of felony conversion cases in recent years. Unlike restoration cases, which have strict time limits on how long a patient can be committed to a state the hospital, conversion cases are subject to extended commitment under Wash. Rev. Code 71.05 until they can be safely discharged to the community, and have a much higher average length of stay, often a year or longer.



8.      The Department has been conducting outreach to criminal courts and criminal justice partners to explain how the volume of civil conversion admissions results in a scarcity of bed space for competency restoration patients and vice versa as well as to encourage diversion of these cases whenever possible. Attempts at outreach failed to make a difference in referrals for competency restoration or civil conversions.   Though the memo is still relatively recent, civil conversion orders have not yet slowed.

9.      To the extent that the Department has, when no other choice was available, attempted to decline admission of a felony conversion patient, and instead encourage diversion

DECLARATION OF
KEVIN BOVENKAMP
NO. 2:14-cv-1178 MJP

4

ATTORNEY GENERAL OF WASHINGTON
7141 Cleanwater Dr SW
PO Box 40124
Olympia, WA 98504-0124
(360) 586-6565

into other care systems, the Department has received strong push back and has even been court-ordered to continue to accept such patients. Since July 7, 2023, the Department has sent approximately 45 no-admit letters to counties regarding civil conversion patients referred by the counties to state hospitals because of the *Trueblood* order that same day. Additionally, since July 7, 2023, the Department has cleared over 80 civil conversion patients out of forensic beds in ongoing attempts to achieve compliance with the *Trueblood* orders from July 7 and August 14, 2023 as well as the Permanent Injunction.

10.     Patients who are committed as felony conversions under Wash. Rev. Code 71.05 to the state hospital have traditionally received care and treatment within the "non-forensic" or civil beds at the state hospitals. Ensuring that felony conversion patients are regularly transitioned to the civil side of the hospitals has always been part of managing beds at the state hospitals. Traditionally, both Western and Eastern have done this well, and have been largely successful in limiting the presence of these conversion patients in beds that could otherwise serve competency restoration patients and *Trueblood* class members. This historical success was the result of concerted efforts by the hospitals to manage their civilly committed population, including a policy change that increased transfers before a patient had their Wash. Rev. Code 71.05 civil commitment hearing.

11.     Recently, and in spite of concerted efforts to manage the growth of the civil commitment population, this population began to increase rapidly in 2022.  I believe several factors have contributed to the growth in this population since 2022:

a.     First, the Omicron wave of COVID-19, during the winter months of 2022, renewed a need for COVID protocol admission and movement limitations, and dramatically impacted all Department treatment facilities, by creating long backlogs of patients awaiting admission, and slowing discharges. While the Omicron wave has passed, all Department facilities continue to manage COVID-19 as part of the "new normal." When a ward or facility has an outbreak, containment protocols are still

DECLARATION OF
KEVIN BOVENKAMP
NO. 2:14-cv-1178 MJP

5

ATTORNEY GENERAL OF WASHINGTON
7141 Cleanwater Dr SW
PO Box 40124
Olympia, WA 98504-0124
(360) 586-6565

required. However, the Department has also evolved its practices to minimize ongoing disruptions to facility operations. For example, Department facilities now have processes in place to safely admit patients who are actively COVID positive, while minimizing risks to staff and patient safety.

b.      The second factor is a confluence of rising demand, the COVID Omicron backlogs, and the transition of long-term civil beds from state hospital campuses to the community. The COVID fueled backlogs and the newest spike in demand occurred while the Department is beginning construction of the new forensic hospital on the WSH campus. The new hospital will benefit the class member population by eventually providing 350 new forensic beds. The project also requires demolition of certain buildings on campus, including the aging South Hall, which resulted in the transfer of long-term civil capacity to other settings in the community and a reduction in civil treatment space on campus. Siting the new 350-bed hospital on the WSH campus avoids the extra years of siting process (and possible litigation) that would be associated with a new different location, and leverages other recent investments in modern facilities on the campus. But there were no perfect siting options for the new hospital that allowed the new hospital to be built without demolition of *some* of the existing treatment space. South Hall contains some of the oldest actively used treatment spaces on the WSH campus, and choosing to decommission this space allowed for preservation of the Fort Steilacoom Competency Restoration Treatment Center in Building 27, recently renovated using contempt fines, and currently providing restoration treatment to class members. As a result of the South Hall demolition, approximately 180 long-term civil beds on the WSH campus have been taken out of service. The decommissioning of these long-term civil beds aligns with the State's system-wide plan to transfer long-term civil treatment beds to the community. Anticipating the closures that would be necessary to build the new 350-bed forensic hospital, the State, through the Health Care Authority,

DECLARATION OF
KEVIN BOVENKAMP
NO. 2:14-cv-1178 MJP

6

ATTORNEY GENERAL OF WASHINGTON
7141 Cleanwater Dr SW
PO Box 40124
Olympia, WA 98504-0124
(360) 586-6565

contracted for long-term beds in the community.  The State's plan calls for the number of long-term community beds to continue to increase beyond those already opened. Opening community civil capacity to replace reduced capacity on the state hospital campuses is one aspect of the State's overall plan to transform the behavioral health system in Washington.

      c. Third, in recent years, felony conversion patients continue to be ordered into the state hospitals by state superior courts in high numbers, trending upward in recent years. This felony conversion demand has persisted despite opening of new beds in the community, and the deployment of diversion programs throughout the state. Additionally, the civil population of WSH has greatly changed as a result, with more felony conversion patients making up the majority of the civil population, rather than civil patients arriving under purely Wash. Rev. Code 71.05 civil commitments without criminal justice involvement. More care and planning is often required prior to discharge now, given the level of acuity and criminal history of the current civil patient population.

12. The court's order of August 14, 2023 clarified for the Department that non-violent felony conversion patients cannot be allowed into ESH or WSH.  As a result, the Department has issued no-admit letters in those circumstances wherein counties attempt to have non-violent felony conversions admitted for evaluation and treatment.  The Department has turned away an average of six non-violent felony conversion patients per week and urged the counties to utilize their local resources.

13. As mentioned above, the State already has a plan in place to create long-term civil treatment capacity in the community. The Department is also directly building additional capacity through projects at Maple Lane and Clark County projects as well as through the purchase and operation of the hospital in Tukwila. These projects will provide care specifically for the civil conversion population and the Tukwila location is projected to add 113 beds alone – but they are not currently operational yet.

DECLARATION OF
KEVIN BOVENKAMP
NO. 2:14-cv-1178 MJP

7

ATTORNEY GENERAL OF WASHINGTON
7141 Cleanwater Dr SW
PO Box 40124
Olympia, WA 98504-0124
(360) 586-6565

14.     In recent years, the civil population of WSH has greatly changed. Seventy-five percent of the population is now made up entirely of felony conversion patients who were admitted from the criminal justice system, instead of civil patients arriving purely under Wash. Rev. Code 71.05 civil commitments. While the State continues to aggressively discharge civil patients, the discharges are now more complex than ever because of the level of acuity and criminal history of the civil patient population.

I declare under penalty of perjury under the laws of the United States and the State of Washington that the foregoing is true and correct to the best of my knowledge.

Signed this __18__ day of September 2023, at __Lacey_____, Washington.


_Kevin Bovenkamp_____
KEVIN BOVENKAMP
Assistant Secretary
Behavioral Health Administration
Department of Social and Health Services

DECLARATION OF
KEVIN BOVENKAMP
NO. 2:14-cv-1178 MJP

8

1

**CERTIFICATE OF SERVICE**

2          I, *Becca Leigh,* state and declare as follows:

3          I am a citizen of the United States of America and over the age of 18 years and I am

4    competent to testify to the matters set forth herein. I hereby certify that on this   18th   day of

5    September 2023, I electronically filed with foregoing document with the Clerk of the Court using

6    the CM/ECF system, which will send notification of such filing to the following:

7          Paul J. Lawrence, WSBA No. 13557
           Ian D. Rogers, WSBA No. 46584
8          Shweta Jayawardhan, WSBA No. 58490
           Pacifica Law Group, LLP
9          1191 Second Avenue, Suite 2000
           Seattle, WA  98101
10         paul.lawrence@pacificalawgroup.com; ian.rogers@pacificalawgroup.com;
           shweta.jayawardhan@pacificalawgroup.com
11
           Marcus Miller
12         Pierce County Prosecuting Attorney's Office
           930 Tacoma Ave S Rm 946
13         Tacoma, WA 98402-2171
           marcus.miller@piercecountywa.gov
14

15         I certify under penalty of perjury under the laws of the state of Washington that the

16   foregoing is true and correct.

17         DATED this   18th day of September 2023, at  Chehalis  , Washington.

18

19                                              *Rebecca Leigh*
                                                _____
20                                              BECCA LEIGH
                                                Paralegal
21

22

23

24

25

26